139 F.3d 902
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Aorika RUSOVAN, Petitioner,
v.
Immigration & Naturalization Service, Respondent.
 No. 97-2819.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 27, 1998.
Decided Feb. 19, 1998.
 
 Petition for Review of an Order of the Board of Immigration Appeals.
 Before Hon. JESSE E. ESCHBACH, Hon. JOHN L. COFFEY, Hon. FRANK H. EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Aorika Rusovan, a 49-year-old native and citizen of the former Yugoslavia ("Yugoslavia"), petitions for review of the denial of her request for asylum and withholding of deportation. Rusovan contends that the Yugoslavian government persecuted her on account of her religion (Seventh-Day Adventist) and membership in a particular social group (women) by failing to protect her from her husband's physical abuse. The Board of Immigration Appeals ("BIA") determined that Rusovan had failed to demonstrate the requisite nexus between her husband's abuse and the Yugoslavian government, thereby defeating her claims of past persecution and well-founded fear of future persecution. We conclude that the BIA's decision was supported by substantial evidence, and deny Rusovan's petition.
 
 
 2
 Rusovan left Serbia and entered the United States in September 1991 as a visitor for pleasure. She remained in the United States after the expiration of her visitor's visa, and filed an application for asylum in April 1993. The Immigration and Naturalization Service ("INS") denied Rusovan's application in September 1993, and the following month initiated deportation proceedings against her. Rusovan conceded deportability, but submitted a second application for asylum.
 
 
 3
 According to her second application for asylum, Rusovan was raised as a member of the Seventh-Day Adventist Church in Serbia, Yugoslavia. Prior to her marriage, Rusovan did not personally experience any restrictions on the practice of her religion. Once married, however, her husband--an Orthodox Christian--forbade her from practicing her religion. At the hearing before the Immigration Judge, Rusovan testified that she attempted to attend church services secretly, but each time she returned from church her husband beat her and often "raped" her.
 
 
 4
 The BIA's factual determinations of an alien's statutory eligibility for asylum and withholding of deportation must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Nenadovic v. INS, 108 F.3d 124, 127 (7th Cir.1997) (quoting 8 U.S.C. § 1105a(a)(4)). To reverse a finding of the BIA, this court must determine that " 'the evidence not only supports that conclusion, but compels it." ' Id. (quoting INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)).
 
 
 5
 The critical issue in this case is whether Rusovan has demonstrated government action, a threshold requirement for proving past persecution or a well-founded fear of future persecution. See Iliev v. INS, 127 F.3d 638, 642 (7th Cir.1997) (finding no well-founded fear of persecution where the nature of the dispute between petitioner and Bulgarian secret service agent was personal, not political); Klawitter v. INS, 970 F.2d 149, 152 (6th Cir.1992) (no persecution where harm or threats of harm arise from a personal dispute, even if the alleged persecutor is a high-ranking governmental official). The BIA held that Rusovan had not shown government action because she had "failed to establish that, once free of her husband, she would be unable to reside and worship in any manner she wishes," and there was no evidence that she "would be subjected to rape and beatings by anyone other than her husband."
 
 
 6
 The Attorney General has discretion to grant asylum to applicants who qualify as "refugees." 8 U.S.C. § 1158(a). The Immigration and Nationality Act ("Act") defines "refugee" as someone who is unwilling to return to his country because of past persecution or a well-founded fear of persecution on account of his race, religion, nationality, political opinion, or membership in a particular social group. 8 U.S.C. § 1101(a)(42)(A). To meet this standard, the petitioner must show that she suffers persecution by official government action or by unofficial action condoned by the government. See Bucur v. INS, 109 F.3d 399, 403 (7th Cir.1997); Hengan v.. INS, 79 F.3d 60, 62 (7th Cir.1996).
 
 
 7
 Rusovan presented no evidence linking her husband's abuse to the government. Her failure to show that her husband was a governmental official or agent defeats any claim that he acted officially on behalf of the government. Furthermore, Rusovan admits that she never sought protection from the government; she thus cannot show that the government actually condoned her husband's behavior or was unwilling to protect her because of her social group or religion. See Krastev v. INS, 101 F.3d 1213, 1215, 1217-18 (7th Cir.1996) (affirming BIA's conclusion that petitioner's dispute with co-workers and supervisors--who were members and officials of the communist party--was private and therefore not protected by the Act because petitioner had not demonstrated that the Bulgarian government permitted harassment of him in the past or that it would permit such action to be taken against him in the future). Because Rusovan has failed to establish a connection between her husband's abuse and the government, her claims fall outside the protection of the Act. See Tzankov v. INS, 107 F.3d 516, 521 (7th Cir.1997) ([T]he Immigration and Nationality Act covers persecution on account of political opinion, not private non-political disputes.").
 
 
 8
 The BIA concluded that Rusovan could not carry her burden of proof with respect to withholding of deportation because she failed to do so with respect to asylum. To be eligible for withholding of deportation, the petitioner must demonstrate by a "clear probability," Bevc v. INS. 47 F.3d 907, 910 (7th Cir.1995), that "his life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1). Because Rusovan failed to establish her eligibility for asylum, she cannot satisfy the more stringent standard for withholding of deportation. See Bevc, 47 F.3d at 910.
 
 
 9
 For the foregoing reasons, Rusovan's petition for review of the BIA's denial of her application for asylum and withholding of deportation is DENIED.